**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Mares and Emergency Power, LLC, Appellants,

v.

Estate of Bradley Douglas Marx and Catherine Marx, Individually and in her capacity as Personal Representative of the Estate of Bradley Douglas Marx, Respondents.

Appellate Case No. 2022-000058

Appeal From Georgetown County
H. Steven DeBerry, IV, Circuit Court Judge

Unpublished Opinion No. 2025-UP-035
Submitted January 1, 2025 – Filed January 29, 2025

**AFFIRMED IN PART AND REVERSED IN PART**

Reese R. Boyd, III, of Boyd Law Group, of Myrtle Beach, for Appellants.

Audra McCall Byrd and Melody Joy Edelman Breeden, both of Turner Padget Graham & Laney, PA, of Myrtle Beach, for Respondents.

**PER CURIAM:**  Michael Mares and Emergency Power, LLC (collectively, Appellants) appeal the circuit court's order dismissing all claims raised against the Estate of Bradley Douglas Marx (the Estate) and Catherine Marx (Catherine), individually and as personal representative of the Estate.  On appeal, Appellants argue the circuit court erred in (1) dismissing all causes of action and alleged damages, (2) relying solely on the South Carolina Probate Code[1] (Probate Code) to dismiss all claims, and (3) misinterpreting an order of the South Carolina Supreme Court.  We affirm in part and reverse in part pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in finding Appellants' claims against the Estate and Catherine as personal representative of the Estate were barred by the Probate Code statute of limitations because Bradley Douglas Marx (Decedent) passed away November 24, 2019, and Appellants did not commence their action until December 7, 2020—more than one year after Decedent's death.  *See Cap. City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct. App. 2009) ("An appellate court applies the same standard of review as the trial court when reviewing the dismissal of an action pursuant to Rule 12(b)(6) [of the South Carolina Rules of Civil Procedure]."); *id.* ("The question is whether, in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief."); § 62-3-803(a)(1) ("All claims against a decedent's estate which arose before the death of the decedent, . . . whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, if not barred earlier by another statute of limitations or nonclaim statute; are barred against the estate, the personal representative, the decedent's heirs and devisees, and nonprobate transferees of the decedent; unless presented within . . . one year after the decedent's death . . . .").  Additionally, we hold Appellants failed to commence their action within thirty days of the mailing of the notice of disallowance; the notice was mailed October 22, 2020, and Appellants did not commence their action until December 7, 2020.  *See* § 62-3-804(5) ("[N]o proceeding for enforcement or allowance of a claim or collection of a debt may be commenced more than thirty days after the personal representative has mailed a notice of disallowance or partial disallowance of the claim . . . .").  Further, we hold the South Carolina Supreme Court's order regarding the operation of trial courts during the COVID-19 pandemic (the COVID order) did not extend the deadline for commencement of Appellants' claims against the Estate or Catherine as personal representative.  Appellants argued the thirty-day extension found in the COVID order was applicable to any procedural default that took place after March 13, 2020; however, the language of the order in

---

[1] *See* S.C. Code Ann. §§ 62-1-100 to -8-403 (2022 & Supp. 2024).

effect at the time the parties brought their claim as well as the revised order from December 16, 2020, make it clear the extension was only for the thirty days following the issuance of the order. *See Re: Operation of the Trial Courts During the Coronavirus Emergency* (S.C. Sup. Ct. Order dated Apr. 3, 2020, as amended Apr. 22, 2020) ("In the event a party to a case or other matter pending before a trial court was required to take certain action on or after March 13, 2020, but failed to do so, that procedural default is hereby forgiven, and the required action shall be taken within thirty (30) days of the date of this order."); *Re: Operation of the Trial Courts During the Coronavirus Emergency* (S.C. Sup. Ct. Order dated Apr. 3, 2020, as amended Dec. 16, 2020) ("In the event a party to a case . . . pending before a trial court was required to take certain action on or after March 13, 2020, but failed to do so, that procedural default was forgiven, and the required action was required to be taken by May 4, 2020.").

However, we hold the circuit court erred in finding the claims against Catherine individually were barred by the Probate Code statute of limitations because the applicable statute of limitations for the claims of unjust enrichment and conversion in civil actions is three years. *See Cap. City Ins. Co.*, 382 S.C. at 99, 674 S.E.2d at 528 ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint."); § 62-3-803(a)(1) (explaining the Probate Code's statute of limitations applies to claims against "the estate, the personal representative, the decedent's heirs and devisees, and nonprobate transferees of the decedent"); S.C. Code Ann. § 15-3-530(1), (4) (2005) (explaining the statute of limitations is three years for "an action upon a contract, obligation, or liability, express or implied" and "an action for taking, detaining, or injuring any goods or chattels including an action for the specific recovery of personal property").

**AFFIRMED IN PART AND REVERSED IN PART.**[2]

**MCDONALD, HEWITT, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.